ARMCO, INC. AND CF&I STEEL CORPORATION, PLAINTIFFS v. UNITED STATES, DEFENDANT

*Order*

Court No. 80-9-01435

(Dated January 23, 1981)

RICHARDSON, Judge: Upon reading and filing plaintiffs' motion for an order for production and protection of confidential documents in the administrative record of U.S. International Trade Commission Investigation No. 731-TA-26 (Final), and defendant's cross-motion for an order of protection against disclosure of certain of said confidential documents, and upon the court's examination of said confidential documents in camera, it is

ORDERED that defendant's said cross-motion be, and the same hereby is, denied, and it is further

ORDERED that plaintiffs' said motion be, and the same hereby is, granted to the extent and upon the terms and conditions herein set forth:

———

[8] The invoicing of these importations is considered to be without significance by the court.

1. Confidential document No. 3 insofar as it does not disclose information concerning Borneo Sumatra's sources of supply other than Korea on page 8 thereof under the heading NAIL IMPORTS FROM 1977–1979, confidential documents numbered 2, 4 through 17 inclusive, 45, and 58 in List No. 2 transmitted to the court in connection with this action, shall be available to counsel for plaintiffs for examination and copying at the office of the clerk of this court during business hours of the 30-day period commencing on the date of entry of this order.

2. All of the information not previously made publicly available contained in the confidential documents in said list No. 2 shall be considered confidential.

3. Except as otherwise provided in this order, counsel for plaintiffs shall not disclose the confidential information to anyone other than their immediate office personnel actively assisting in this litigation.

4. Counsel for plaintiffs and their immediate office personnel shall neither disclose nor use any of the confidential information for purposes other than this litigation or (subject to continued safeguards to preserve confidentiality) any remand or appeal of this matter. Whenever used in this order, the term "this litigation" shall be deemed to include any remand or appeal resulting therefrom.

5. If, in the opinion of counsel for any party, it becomes necessary to consult with experts independent of the industry involved in evaluating the confidential information, such experts shall agree not to disclose any of the confidential information to anyone other than to the counsel who consulted with them or to that counsel's office personnel, and then for purposes of this litigation only; any expert so consulted shall first sign a statement submitting himself or herself to the jurisdiction of this court and such reasonable sanctions as the court may deem appropriate in the event of a breach of the conditions of this protective order by such expert.

6. In no event shall disclosure of confidential information be made to in-house counsel or other representatives, agents, or employees of plaintiffs.

7. Counsel for plaintiffs shall maintain a record of any and all copies of confidential information made, the persons to whom they are provided, and the dates on which they are returned. All such copies shall be clearly labeled to indicate that they contain confidential information, and that they are to be returned at the conclusion of this litigation.

8. Any documents, including briefs and memorandas, which contain any confidential information, as defined in paragraph 2, and are filed by any party with the court in this action, shall be conspicuously marked as containing information which is not to be dis-

closed to the public, and arrangements shall be made with the clerk of this court to retain such documents under seal, permitting access only to the court, court personnel authorized by the court to have access, and counsel for the parties.

9. Any briefs or memoranda containing confidential information shall be served upon the other parties in a wrapper conspicuously marked on the front "confidential—to be opened only by (the name(s) of the attorneys handling the case)" and shall be accompanied by a separate copy from which the confidential information has been deleted.

10. Upon conclusion of this litigation, counsel for plaintiffs shall (a) return all copies of the confidential documents obtained under this order and the record required to be maintained under paragraph 7 above, and (b) destroy all other documents (including documents held by persons authorized under this order to have access thereto) containing the confidential information.

11. Any reference to plaintiffs' counsel herein shall include any other interested party who may subsequently be granted access to such documents under protective order.

12. The issuance of this order shall not preclude plaintiffs from seeking discovery of additional documents at a later time under the terms and conditions set forth herein.